# HILL WALLACK LLP
## ATTORNEYS AT LAW

202 Carnegie Center, P.O. Box 5226, Princeton, NJ 08543-5226
Telephone: (609) 924-0808, Fax: (609) 452-1888
WWW.HILLWALLACK.COM

Writer's Direct Dial: (609) 734-6358

October 29, 2010

*Via ECF*

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

      Re: *Hospira, Inc., et al. v. Sandoz International GmbH, et al.*
           *Civil Action No.: 3:09-cv-04591 (MLC/TJB)*

Dear Judge Bongiovanni:

      We, along with Morrison & Foerster LLP, represent Sandoz Inc. and Sandoz Canada Inc. ("Defendants") in the above-referenced action. We are writing with respect to Your Honor's October 21, 2010 Order regarding the Motion for Sandoz Canada Inc. to Serve Invalidity and Non-infringement Contentions, and for Leave for Sandoz Inc. to Amend its Invalidity and Non-infringement Contentions.

      With respect to Sandoz Canada, the Court found that "[p]ursuant to Local Patent Rules 3.3 and 3.6 ... Sandoz Canada Inc., as a new party, is permitted as of right to serve its invalidity and non-infringement contentions." On behalf of Sandoz Canada, we can report that Sandoz Canada's contentions were served on August 27, 2010.

      With respect to Sandoz Inc., the Court requested that Sandoz Inc. produce a witness to testify regarding Sandoz Inc.'s diligence, and who will be cross-examined by Plaintiffs' counsel. On behalf of Sandoz Inc., we respectfully request clarification and/or modification of this portion of Your Honor's finding.

      The facts regarding Sandoz Inc.'s diligence are intimately tied to the mental impressions, conclusions, opinions and legal theories of litigation counsel, Morrison & Foerster – an area that, under Rule 26, must be protected from disclosure. Fed. R. Civ. P. 26(b)(3)(B).

As explained in the Declaration of Kyle Mooney, of Morrison & Foerster, dated September 10, 2010, the new prior art references cited by Sandoz Inc. were identified by litigation counsel, either through additional research or through review of Plaintiffs' document production (which included, for example, a thesis published in Finland in 1986). Likewise, Sandoz Inc. cited confidential documents from Plaintiffs' production of more than a million pages of material to support the obviousness of the patents-in-suit; that material could only be found by litigation counsel.

Trial counsel's review and analysis of Plaintiffs' documents, and its continuing prior art investigation, is necessarily and intrinsically related to its mental impressions and legal theories, which should be protected from disclosure. *See, e.g., In Re Seagate*, 497 F.3d 1360, 1373-74 (Fed. Cir. 2007) (discussing importance of protecting attorney mental impressions and legal theories) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). Such facts as could be provided were submitted by declaration from trial counsel. We respectfully submit that the requested hearing would unavoidably intrude on exactly the areas that Rule 26 says should be protected, and ask that the Court reconsider its directive in that regard.

Finally, Sandoz Inc. suggests an alternate ground for relief. As Sandoz Canada's contentions have been allowed, Plaintiffs can suffer no prejudice from Sandoz Inc.'s joining in those contentions. (Sandoz Inc.'s proposed amendments already mirror those of Sandoz Canada.) Plaintiffs will be bound by a finding that their patents are invalid based on Sandoz Canada's contentions, so the practical effect will be the same once the case is litigated to completion. On the other hand, Sandoz Inc. would be substantially prejudiced by requiring testimony and cross-examination of its trial counsel to explain the details of its thought processes and analysis.

We respectfully submit that that on this record, "good cause" exists for Sandoz Inc. join and/or rely upon the contentions served by Sandoz Canada, and ask that Sandoz Inc. be allowed to do so.

Respectfully submitted,

/s/ Eric I. Abraham

ERIC I. ABRAHAM

EIA/drs
Enclosures
cc: all counsel of record via electronic mail