**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOSPIRA, INC., et al., | : : : | CIVIL ACTION NO. 09-4591 (MLC) |
| Plaintiffs, | : : | **O R D E R** |
| v. | : : | |
| SANDOZ INTERNATIONAL GMBH, et al., | : : : | |
| Defendants. | : : | |

**DEFENDANT** Sandoz International GmbH ("Sandoz US") appealing pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1(c) from an order of the Magistrate Judge filed on December 16, 2010 ("12-16-10 Order") (dkt. entry no. 138, 12-16-10 Order; dkt. entry no. 141, 12-29-10 Appeal); and the 12-16-10 Order denying Sandoz US's ability to amend its contentions or rely on the contentions of defendant Sandoz Canada, Inc. ("Sandoz Canada"), "because Sandoz [US] has refused to provide a witness on the issue of diligence," but allowing Sandoz US to raise the defenses of res judicata or collateral estoppel later (12-16-10 Order); and it appearing that an application or motion to amend its invalidity and non-infringement contentions is not dispositive, and thus, may be entered by a magistrate judge, see 28 U.S.C. § 636(b)(1)(A); and it appearing that a district court, in reviewing a magistrate judge's order in a non-dispositive matter, may modify, vacate, or reverse the order only if it was

"clearly erroneous or contrary to law," Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); and it further appearing that (1) "a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed,'" Dome Petrol. Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (citations omitted), and (2) a ruling is contrary to law if a magistrate judge has misinterpreted or misapplied applicable law, Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); and

**IT APPEARING** that Local Patent Rule 3.7 states Infringement or Invalidity Contentions "may" be amended "by order of the Court upon a timely application and showing of good cause," L. Pat. R. 3.7;[1] and it further appearing that examples of good cause include "recent discovery of material prior art despite earlier diligent search" and "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contention," id.; and

---

[1] The United States District Court for the District of New Jersey developed its Local Patent Rules taking guidance from those of the Eastern District of Texas and the Northern District of California.  The Court thus finds it appropriate to consider decisions from these districts.  See TFH Pub'ns, Inc. v. Doskocil Mfg. Co., Inc., 705 F.Supp.2d 361, 365 n.3 (D.N.J. 2010).

**THE COURT** noting that the Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases," Computer Accelerations Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 822 (E.D. Tex. 2007); and the Court noting that the Local Patent Rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed," Atmel Corp. v. Info. Storage Devices, Inc., No. 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998); but the Court acknowledging that Local Patent Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served," but instead, "a modest degree of flexibility [exists], at least near the outset," Comcast Cable Commc'ns. Corp. v. Finisar Corp., No. 06-4206, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007); and thus the Court noting that while "preliminary infringement contentions are still preliminary" it is important to recognize that the Local Patent Rules strive to have the parties establish their contentions early on, Gen. Atomics v. Axis-Shield ASA, No. 05-4074, 2006 WL 2329464, at *2 (N.D. Cal. Aug. 9, 2006); and

**IT APPEARING** that "[u]nder the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the

matter differently," Wortman v. Beglin, No. 03-495, 2007 U.S. Dist. LEXIS 60163, at *4 (D.N.J. Aug. 16, 2007) (internal quotations omitted); and the Court noting that the party seeking to amend contentions has the burden of demonstrating diligence, O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006); and it appearing that the Magistrate Judge questioned the diligence of Sandoz US (see dkt. entry no. 130, 11-16-10 Tr. of Telephone Conf. before Magistrate Judge at 10); and it appearing that the Magistrate Judge could not conclude that Sandoz US had shown diligence, and thus had not demonstrated good cause to amend its contentions or rely on those of Sandoz Canada (see 12-16-10 Order); and

**THE COURT FINDING** that the Magistrate Judge's conclusion was not clearly erroneous or contrary to law because a lack of diligence is sufficient to deny leave to amend, see Davis-Lynch, Inc. v. Weatherford Int'l, Inc., No. 07-559, 2009 WL 81874, at *3-4 (E.D. Tex. Jan. 12, 2009); and the Court also finding that (1) the 12-16-10 Order "appears to have been a rational exercise of the magistrate[] [judge's] discretion," Wortman, 2007 U.S. Dist. LEXIS 60163, at *5, and (2) the Magistrate Judge did not commit any mistake, or misinterpret or misapply any applicable law in issuing the 12-16-10 Order, see Gunter, 32 F.Supp.2d at 164; and the Court deciding the matter without oral argument, Fed.R.Civ.P. 78(b); and for good cause appearing:

4

**IT IS THEREFORE** on this       3rd       day of March, 2011 **ORDERED** that the Magistrate Judge's Order, entered on December 16, 2010 (dkt. entry no. 138), from which the defendant Sandoz International GmbH appeals (dkt. entry no. 141), is **AFFIRMED**; and

**IT IS FURTHER ORDERED** that the appeal (dkt. entry no. 141) should be marked as **TERMINATED.**

                                            s/ Mary L. Cooper    
                                        **MARY L. COOPER**  
                                        United States District Judge