**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOSPIRA, INC., et al., | : | CIVIL ACTION NO. 09-4591 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| SANDOZ INC., et al., | : | |
| Defendants. | : | |

**THE PARTIES** to this action jointly move pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) to vacate the parts of this Court's opinion, and order and judgment, that declared a certain pharmaceutical patent to be invalid ("Motion to Vacate"). (See dkt. entry no. 404, Joint Notice of Mot.)  A nonparty to this action, Caraco Pharmaceutical Laboratories, Ltd. ("CPL") cross-moves to permissibly intervene in this action pursuant to Rule 24(b), or alternatively for leave to file a brief as amicus curiae, in order to oppose the Motion to Vacate ("Cross Motion"). (See dkt. entry no. 410, CPL Notice of Cross Mot.)  For the following reasons, the Court will grant the Motion to Vacate and deny the Cross Motion.

**PLAINTIFFS**, Hospira, Inc. and Orion Corporation, brought this action against Defendants, Sandoz Inc. and Sandoz Canada Inc., on September 4, 2009, alleging, inter alia, that Defendants infringed United States Patent No. 6,716,867 ("the '867 Patent"). (See dkt. entry no. 1, Compl.)  A review of this Court's docket

reveals that the dispute was actively litigated for 32 months until May 4, 2012, when this Court issued an opinion ("May 2012 Opinion") and an order and judgment ("May 2012 Judgment"), inter alia, finding in Defendants' favor that the '867 Patent was invalid.  (See dkt. entry no. 381, 5-4-12 Am. J.; see also dkt. entry no. 380, 5-4-12 Am. Mem. Op.)  Plaintiffs and Defendants separately appealed to the United States Court of Appeals for the Federal Circuit ("Federal Circuit") from the May 2012 Judgment.  (See dkt. entry no. 385, Defs. Notice of Appeal; dkt. entry no. 386, Pls. Notice of Cross Appeal.)[1]

**WHILE** the entire dispute remained pending in the Federal Circuit, the parties (1) notified this Court on December 6, 2013, that the dispute insofar as it concerned the '867 Patent had been tentatively settled, and (2) sought an indicative ruling pursuant to Rule 62.1 that this Court would agree to vacate the parts of the May 2012 Opinion and the May 2012 Judgment concerning the '867 Patent as part of the settlement if the Federal Circuit

---

[1] This action concerns an Abbreviated New Drug Application. This Court will not list every claim construction brief, dispositive motion, supporting brief, conference, oral argument, and court proceeding in order to demonstrate that this type of action entails vigorous prosecution and defense.  That this Court's docket for the action contains over 400 entries is illustrative.  This Court assumes that CPL, even though it is a nonparty, is well-aware of the expense and effort incurred by Plaintiffs and Defendants here, as well as the expense and effort that would be incurred on appeal in the Federal Circuit.

remanded the action.  (See dkt. entry no. 400, Notice of Mot.) On December 16, 2013, this Court advised the parties that it would indeed so vacate upon the Federal Circuit's remand.  (See dkt. entry no. 402, 12-16-13 Order.)

**BY AN ORDER** dated December 23, 2013 ("12-23-13 Federal Circuit Order"), the Federal Circuit remanded "for the limited purpose of the district court's consideration of the parties' motion for vacatur", but stated that it "retain[ed] jurisdiction so that any of the parties may seek appellate review" and that "[t]he appeals are held in abeyance pending the resolution of the motion for vacatur by the district court".  (See dkt. entry no. 410-7, 12-23-13 Fed. Cir. Order at 2.)

**THE PARTIES** jointly filed the Motion to Vacate on the same day that the 12-23-13 Federal Circuit Order was issued, arguing that:

> the parties have independently reached a mutually agreed settlement in the appeal of the above-captioned case. The parties have independently determined that the public and private benefits of settlement are significant, and outweigh their respective opportunities to proceed with their important appellate rights. . . . Hospira has vigorously contested [this Court's] ruling [on the '867 Patent] before the Federal Circuit, but faced the risk that the Court's judgment will be affirmed and that [Defendants] could enter the market unimpaired.  [Defendants], on the other hand, faced the risk that the Court's ruling will be reversed, possibly leading to an injunction through 2019, and exposure to

3

>   damages if [they launch] while the appeal is pending. Informed in large part by their experience at the trial and their views of this Court's decision, the parties have now agreed that they and the public would be benefited by increased certainty, and accordingly, they have agreed that [Defendants] may launch [their] product on December 26, 2014, or even earlier in certain circumstances. That permits generic competition almost five years before [Defendants] could launch if the '867 patent were found valid.
>
>   The settlement balances the rights of both parties, preserving [Plaintiffs'] important rights inherent in patent ownership, while removing the possibility that [Defendants] would be enjoined from launching [their] product until the '867 patent expires. Both sides have independently assessed the risks of proceeding with their appeals and have reached what they believe to be an equitable settlement.

(Dkt. entry no. 404-1, Jt. Redacted Mem. of Law in Support of Mot. to Vacate at 5-6.)

**CPL** filed a letter on the same day, notifying this Court of its intention to seek intervention, as: (1) "Hospira sued [CPL] in the United States District Court for the Eastern District of Michigan (see Hospira, Inc. v. Caraco Pharms. Labs., Ltd., Case No. 10-14514 (E.D. Mich.)) [("Michigan Action")], in November 2010 alleging infringement of the '867 patent"; (2) "Hospira is barred by collateral estoppel from pursuing a claim of infringement of the '867 patent in light of this Court's '867 Patent Invalidity Judgment"; (3) "at the invitation of the

4

Michigan district court, [CPL] submitted a motion for summary judgment based on collateral estoppel in view of [this Court's] '867 Patent Invalidity Judgment"; and (4) CPL "has a substantial interest in any decision this Court may reach regarding vacatur", as "[a]ny decision by this Court regarding vacatur will necessarily impact the Michigan [Action]".  (Dkt. entry no. 407, 12-23-13 CPL Letter at 1-2.)

**CPL** followed by filing the cross motion on December 24, 2013.  (See CPL Notice of Cross Mot.)  In support, CPL stated that briefing for the aforementioned motion for summary judgment pending in the Michigan Action would be "close[d] on December 31, 2013".  (Dkt. entry no. 410-1, CPL Br. in Support of Cross Mot. at 3.)  CPL also filed separate opposition to the Motion to Vacate.  (See dkt. entry no. 410-2, CPL Br. in Opp.)  CPL asserts in the opposition brief that "[a]t present, the '867 patent stands invalid because of the Court's judgment."  (Id. at 13.)

Plaintiffs have filed opposition to the Cross Motion.  (See dkt. entry no. 411, Pls. Mem. in Opp.)  They point out therein that CPL was well-aware of the pending appeal and agreed to stay the Michigan Action pending the outcome before the Federal Circuit.  (See id. at 3.)  The docket for the Michigan Action supports that contention.  See Michigan Action, dkt. entry no. 56, 5-7-12 So-Ordered Stipulation (staying Michigan Action pending outcome of Federal Circuit appeal); dkt. entry no. 60, 5-

5

24-13 Order Extending Stay.  The stay in the Michigan Action apparently was eventually extinguished, even though the dispute addressed by this Court remained pending in the Federal Circuit.

**WHETHER** to permit CPL to intervene under Rule 24(b) is a matter of discretion for this Court.  See Fed.R.Civ.P. 24(b)(3) (stating intervention determination is discretionary exercise).  This Court initially finds that there is jurisdiction here, as (1) this is a patent dispute, and (2) the action has been remanded by the Federal Circuit.  This Court also finds that the validity of the '867 Patent is at issue here and in the Michigan Action, and thus there is arguably a common question of law or fact.  See Fed.R.Civ.P. 24(b)(1)(B).

**BUT** the Cross Motion insofar as it concerns intervention is not timely, as CPL should have sought to intervene earlier.  See Fed.R.Civ.P. 24(b)(1) (stating court may permit intervention "[o]n timely motion").  CPL was neither thwarted nor lulled into complacency by Plaintiffs or Defendants.  Cf. United States v. Alcan Aluminum, 25 F.3d 1174, 1181 (3d Cir. 1994) (stating movant timely sought intervention, even though action had been ongoing for several years, as party induced movant to refrain from moving to intervene).

**IT WOULD** be inequitable to require parties engaged in pharmaceutical-patent litigation to move to intervene in every separate action in every district court wherein the same patent

6

is at issue.  But it is not unreasonable for a nonparty to seek to intervene in a separate action if that separate action has reached the point of dispositive motions, trial, or appeal, because at that point the nonparty knows or should know of its interest in a case.  See Price v. Daigre, No. 08-16, 2011 WL 6046313, at *2 (S.D. Miss. Dec. 5, 2011) (denying intervention motion in view of totality of circumstances); see also Univ. of Notre Dame v. Sebelius, No. 13-3853, 2014 WL 687134, at *11 (7th Cir. Feb. 21, 2014) (stating nonparty's intervention may be permitted for first time on appeal).  CPL failed to move to intervene at any of the aforementioned points in this litigation before the parties advised this Court that the dispute at issue had been settled, and thus this Court finds the request to intervene to be untimely.  See Ericsson, Inc. v. Interdigital Commc'ns Corp., 418 F.3d 1217, 1222 n.5 (Fed.Cir. 2005) (chastising movant for waiting until dispute had settled to move to intervene, as movant was aware of progress of case for two years before seeking to intervene).

   **CPL** will not be prejudiced if its request to intervene is denied, as it will not be prevented from arguing that the '867 Patent is invalid in the Michigan Action.  CPL is aware of the reasoning set forth in the May 2012 Opinion and can borrow that reasoning in support of any future motion for summary judgment in the Michigan Action.  See Price, 2011 WL 6046313, at *3 (finding

7

movant seeking intervention not prejudiced "because it still has an adequate remedy" within the confines of its own action). Plaintiffs and Defendants, in stark contrast, will be prejudiced if CPL is permitted to intervene at this stage and to interfere with the settlement concerning the '867 Patent. See Fed.R.Civ.P. 24(b)(3) (stating "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights") (emphasis added).

**IT IS** unfortunate that Plaintiffs and Defendants could not settle the dispute at issue before this Court issued the May 2012 Opinion. But this Court sees no reason to squelch a settlement agreement reached by the parties to this action while the dispute at issue is pending at the appellate level. See Price, 2011 WL 6046313, at *3 (finding parties would be prejudiced by intervention, especially as case had progressed to settlement); Dixon v. Margolis, No. 89-5019, 1992 WL 80512, at *5 n.5 (N.D. Ill. Apr 14, 1992) (stating intervention motion filed after original parties have settled is unlikely to be granted).

**CPL'S ARGUMENT** that the '867 Patent is invalid due to the May 2012 Judgment, and thus that the May 2012 Opinion carries precedential weight, is without merit in view of the appellate proceedings that remain pending before the Federal Circuit. A district court opinion issued in a pharmaceutical-patent dispute that is on appeal to the Federal Circuit — as opposed to an

8

opinion issued by the Federal Circuit itself — is mere persuasive authority.  See Camreta v. Greene, 131 S.Ct. 2020, 2033 n.7 (2011) (stating district court decision is not binding precedent in different district, in same district, or on same judge in different case); Old Republic Ins. Co. v. Chuhak & Tecson, P.C., 84 F.3d 998, 1003 (7th Cir. 1996) (stating "decisions by district judges do not have the force of precedent"); McMullen v. European Adoption Consultants, 129 F.Supp.2d 805, 811 n.2 (W.D. Pa. 2001) (noting as to dispute therein "that the Court of Appeals has not decided the question and that district court opinions are merely persuasive authority").

**CPL'S ALTERNATIVE REQUEST** for leave to file a brief as amicus curiae is a matter to be decided in this Court's discretion.  See Waste Mgmt. of Pa. v. City of York, 162 F.R.D. 34, 37 (M.D. Pa. 1995); Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J. 1985), aff'd, 782 F.2d 1033 (3d Cir. 1986) (table decision).  Leave to so file may be granted if a court desires assistance in the understanding of an issue, and if the information offered is timely and useful.  See Waste Mgmt. of Pa., 162 F.R.D. at 36. This Court requires no further assistance in this dispute and declines to grant CPL leave to file a brief as amicus curiae. See Avellino v. Herron, 991 F.Supp. 730, 732 (E.D. Pa. 1998).

**THE MOTION TO VACATE** has been made jointly by the parties to this action.  They have settled part of their dispute amicably

9

before incurring further expense at the appellate level. Settlements are — of course — highly favored. That generic competition will occur sooner than later should also be highly favored as a matter of public policy. This Court sees no reason to obstruct the settlement achieved here. See Goldman v. Gen. Accident Ins. Co. of Am., No. 01-2686, 2007 WL 2781935, at *1 (D.N.J. May 24, 2007) (granting motion to vacate opinion and order where (1) parties agreed to settle dispute after notice of appeal filed, (2) settlement was contingent on district court's vacatur, and (3) Court of Appeals granted uncontested motion for limited remand for limited purpose of allowing parties to move to vacate in district court); Kim v. United States, 903 F.Supp. 1546, 1546 (S.D.N.Y. 1995) (granting motion to vacate opinion and judgment where (1) parties agreed to settle dispute after notice of appeal filed, and (2) settlement was contingent on district court's vacatur). This Court will exercise its discretion to vacate its own rulings and grant the Motion To Vacate. See Fed.R.Civ.P. 60(b)(6), (c)(1).[2]

---

[2] CPL relies on Devore v. City of Philadelphia, No. 00-3598, 2003 WL 21961975, at *1-3 (E.D. Pa. June 24, 2003), wherein (1) judgment was entered upon a jury verdict, (2) the parties reached an agreement to settle after judgment had been entered, and (3) the court denied a motion to vacate the judgment. This Court declines to follow Devore to the extent that its reasoning may be viewed as being contrary to this Court's decision.

**THE COURT** will grant the Motion to Vacate, and deny the Cross Motion. For good cause appearing, the Court will issue an appropriate order and judgment.[3]

                          s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge

Dated: February 27, 2014

---

[3] The 12-23-13 Federal Circuit Order states that "[t]he parties should promptly inform [that] court of the district court's ruling on the motion pursuant to Fed.R.App.P. 12.1(b) and should propose how they believe the appeals should proceed in light of the district court's ruling". (12-23-13 Fed. Cir. Order at 2.) The parties should now so inform the Federal Circuit.